IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2005 OCT 20 A 10:00

| | |
|---|---|
| ALICE J. BROWN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ITPE HEALTH AND WELFARE FUND, )<br>)<br>Defendant. )<br>_____ ) | CIVIL ACTION NO.: 2:05cv1002-D |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441, et. seq., Defendant ITPE Health and Welfare Fund hereby gives notice of the removal of this action from the Circuit Court of Montgomery County, Alabama to this court and as support for this removal, show as follows:

1. On September 2, 2005, a civil action styled *"Alice J. Brown v. ITPE Health and Welfare Fund,"* Civil Action No.: CV-05-2295, ("the Civil Action") was commenced in the Circuit Court of Montgomery County, Alabama against the ITPE Health and Welfare Fund.

2. The Summons and Complaint in the civil action were served upon ITPE Health and Welfare Fund on September 26, 2005. The time for responding to the complaint has not yet expired. This Notice of Removal is filed within 30 (thirty) days of service of process upon Defendant ITPE Health and Welfare Fund in accordance with the provisions of 28 U.S.C. §§ 1441 and 1446. True and correct copies of each document served upon ITPE Health and Welfare Fund in the civil action are attached to this notice as Exhibit "A."

3. Plaintiff Alice J. Brown ("Plaintiff") was employed by Central Alabama Food Service at Maxwell Air Force Base. The ITPE Health and Welfare Fund is a jointly administered trust fund created to receive contributions from employers, including Central Alabama Food Service, pursuant to a collective bargaining agreement which was in force at all times pursuant to the claims made in this action. Pursuant to the collective bargaining agreement, Central Alabama Food Service agreed to make contributions to the ITPE Health and Welfare Fund on behalf of its service employees employed at the Maxwell Air Force Base.

4. The ITPE Health and Welfare Fund provides health and welfare benefits for employees of contributing employers which include medical benefits, dental benefits, vision care, disability income, survivor income, death benefits and a scholarship program Accordingly, the ITPE Health and Welfare Fund is "employee welfare benefit plan" within the meaning of Section 3(l) of ERISA. 29 U.S.C. § 1002(l).

5. Because Central Alabama Food Services acts "directly as an employer, or indirectly as the interest of an employer, in relation to an employee benefit plan," it is an "employer" within the meaning of Section 3(5) of ERISA. 29 U.S.C. § 1002(5). Moreover, because Central Alabama Food Service is involved in "any activity, business or industry in commerce or which a labor dispute would hinder or obstruct commerce," it is engaged in an "industry or activity affecting commerce" within the meaning of Section 3(12) of ERISA. 29 U.S.C. § 1002(12).

6. This lawsuit alleges that ITPE Health and Welfare Fund failed to pay for Plaintiff's gastric bypass surgery even though, according to the Plaintiff, the ITPE Health and Welfare Fund represented to Plaintiff that the procedure would be covered. Plaintiff

alleges that the failure of ITPE Health and Welfare Fund to pay for the gastric bypass surgery breaches a contract between Plaintiff and the ITPE Health and Welfare Fund (Count Four). Plaintiff alleges that ITPE Health and Welfare Fund's alleged statement that it would pay for the procedure was a "false representation" (Count One) and that the misrepresentations were reckless, negligent or wanton (Count Three). Plaintiff alleges that the ITPE Health and Welfare Fund fraudulently failure to disclose that it would not pay for the procedure (Count Two). Plaintiff also alleges that the ITPE Health and Welfare Fund's failure to pay for the procedure constituted "bad faith" (Count Five).

7. This case is one which is removable pursuant to 28 U.S.C. § 1331 due to the presence of federal question jurisdiction. Plaintiff's Complaint states a claim for benefits under an employee benefit plan pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et. seq.* ("ERISA"). Specifically, Plaintiff seeks to recover medical benefits alleged to be due from a multi employer employee benefit plan which receives contributions from Plaintiff's employer.

8. Central Alabama Food Service is and at all times relevant to this action was "an employer" engaged in commerce or an industry or an activity affecting commerce. ITPE Health and Welfare plan is a multi employer employee benefit plan, as those terms are defined by Sections 3 and 4 of ERISA, 29 U.S.C. §§ 1002-03. The state laws that Plaintiff relies upon in stating claims against Defendant relate to this ERISA plan, as the term "relate to " is used in § 514 of ERISA, 29 U.S.C. 1144(a), and thus are completely preempted by ERISA. *See Shaw v. Delta Airlines*, 463 US 85, 97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983); *Ingersoll-Rand v. McClendon*, 498 US 133, 111, S.Ct. 478, 112 L.Ed.2d 474 (1990). The United States Supreme Court and the Eleventh Circuit have

specifically held that claims such as fraud, bad faith, negligence and wantonness and related common law tort claims, which are based upon the denial of benefits pursuant to the terms of an employee benefit plan, are preempted. *See Pilot Life Insurance Company v. Dedeaux* 107 S.Ct. 1549, 481 US 41, 95 L.Ed.2d 39 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 107 S. Ct. 1542, 481 U.S. 58, 95 L.Ed. 2d 55 (1987); *First National Life Insurance Company v. Sunshine-Junior Food Stores*, 960 F.2d 1546 (11th Cir. 1992), *cert. denied.*, 113 S.Ct. 1045 (1993)).

9. Because Plaintiff's claims necessarily arise under and are governed by ERISA, this United States Court has original jurisdiction over this action under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e). Thus, this case is removable to this Court pursuant to 28 U.S.C. § 1441.

10. This Court has supplemental jurisdiction of any claims which this Court might find not to be encompassed by ERISA, because such claims, if any, are so related to Plaintiff's claims under ERISA that they form part of the same case or controversy.

11. In the alternative, assuming that ERISA does not preempt these claims, this Court has original jurisdiction over this action under 28 U.S.C. § 1332 because all parties are of diverse citizenship and the amount in controversy exceeds $75,000. At the time of the filing of this case and at the time this notice of removal was filed with the Court, Alice J. Brown was a resident of Montgomery County, Alabama and ITPE Health and Welfare Fund was a resident of the state of Georgia. Plaintiff is seeking compensatory and punitive damages which could total an amount in excess of $75,000.00. Accordingly, this case is removable to this Court pursuant to 28 U.S.C. § 1441.

WHEREFORE, the ITPE Health and Welfare Fund requests that this Court make any and all orders necessary to effect the removal of the civil action now pending against it in the Circuit Court for Montgomery County, Alabama to this Court and to effect and prepare in this Court the true record of all proceedings that may have been had in the Circuit Court of Montgomery County, Alabama.

Dated this 18th day of October 2005.

_____
Taylor P. Brooks (asb-1064-r58t)

Attorney for ITPE Health and Welfare Fund

**OF COUNSEL:**

LANIER, FORD, SHAVER & PAYNE, P.C.
200 West Side Square
Suite 5000
Huntsville, Alabama 35801
(256) 535-1100

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of October, 2005, a copy of the foregoing was served upon attorney for Plaintiff via U.S. Mail, first-class, prepaid postage and properly addressed as follows:

Brian P. Strength
Valerie Rucker Russell
Jock M. Smith
COCHRAN, CHERRY, GIVENS & SMITH
Post Office Box 830419
Tuskegee, Alabama 36083

_____

5