IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALICE J. BROWN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL ACTION NO.: 2:05-cv-1002-ID ) |
| ITPE HEALTH AND WELFARE FUND, | ) ) |
| Defendant. | ) ) ) |

## DEFENDANT'S ANSWER

Defendant ITPE Health and Welfare Fund ("Defendant") answers the Complaint of Plaintiff Alice J. Brown ("Plaintiff") as follows:

1. Admitted.

2. Defendant admits that its principal place of business is located in Savannah, Georgia and that at least one contributing employer does business in Montgomery County, Alabama. All other allegations contained in paragraph 2 of Plaintiff's Complaint are denied.

3. Denied.

4. Denied.

5. Defendant admits that it received documents from a medical provider stating that Plaintiff had gastric bypass surgery. All other allegations contained in paragraph 5 of Plaintiff's Complaint are denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

## COUNT ONE

12. Defendant re-alleges and incorporates by reference its responses to paragraphs 1-11 of the Plaintiff's Complaint, as stated above.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

Defendant denies that Plaintiff is entitled to any relief.

## COUNT TWO

18. Defendant re-alleges and incorporates by reference its responses to paragraphs 1-17 of the Plaintiff's Complaint, as stated above.

19. Denied.

20. Denied.

21. Denied.

Defendant denies that Plaintiff is entitled to any relief.

## COUNT THREE

22. Defendant re-alleges and incorporates by reference its responses to paragraphs 1-21 of the Plaintiff's Complaint, as stated above.

23. Denied.

24. Denied.

Defendant denies that Plaintiff is entitled to any relief.

## COUNT FOUR

25. Defendant re-alleges and incorporates by reference its responses to paragraphs 1-24 of the Plaintiff's Complaint, as stated above.

26. Denied.

27. Denied.

Defendant denies that Plaintiff is entitled to any relief.

## COUNT FIVE

28. Defendant re-alleges and incorporates by reference its responses to paragraphs 1-27 of the Plaintiff's Complaint, as stated above.

29. Denied.

30. Denied.

Defendant denies that Plaintiff is entitled to any relief.

## COUNT SIX

31. Defendant re-alleges and incorporates by reference its responses to paragraphs 1-30 of the Plaintiff's Complaint, as stated above.

32. Denied.

33. Denied.

Defendant denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. The Defendant denies each and every material allegation of the Plaintiff's Complaint, unless specifically admitted herein.

3. The Defendant denies that the Plaintiff is entitled to the relief sought.

4. The Defendant denies the nature and extent of the Plaintiff's damages and demand strict proof thereof.

5. The actions of the Defendant were taken in good faith and with justification.

6. Plaintiff's state law claims are pre-empted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et. seq.*

7. Under ERISA, Plaintiff is not entitled to a trial by jury.

8. Under ERISA, Plaintiff is not entitled to seek punitive or other extra-contractual damages.

9. Plaintiff failed to exhaust the Plan's administrative remedies and, thus, her claims are not ripe for judicial review.

10. To the extent Plaintiff's claims were filed outside of the applicable statute of limitations, such claims are barred.

11. If Plaintiff recovers benefits under the Plan at issue, such benefits are subject to all conditions and limitations as provided for under the terms of the Plan.

12. Plaintiff is not entitled to the benefits sought under the terms of the ERISA

Plan at issue.

13. Defendant's denial of Plaintiff's claim was neither arbitrary nor capricious and did not constitute an abuse of discretion.

14. In addition to the reasons stated above, Plaintiff cannot recover punitive damages in this action because:

> a. An award of punitive damages is penal in nature and would violate Defendants' constitutional rights unless Defendants are afforded the same procedural safeguards as are provided defendants in criminal proceedings, including, but not limited to, the right to the requirement of a level of proof beyond a reasonable doubt.
>
> b. An award of punitive damages would amount to and constitute a denial of due process afforded by the Due Process Clause of the United States Constitution, based upon the following separate and several grounds and circumstances:
>
>> (1) any award of punitive damages against Defendants under the evidence in this case would necessarily be based upon an evidentiary standard no higher or more than a standard of simple negligence, and not upon a standard of proof beyond a reasonable doubt;
>>
>> (2) there is a lack of reasonable standard necessary to instruct the jury on the propriety and amount of any punitive damages award, and such an award is subject to no predetermined limits;
>>
>> (3) any punitive damages award would not be subject to post-trial and appellate review on the basis of suitable and sufficient objective standards and criteria;
>>
>> (4) the power and authority imposed upon the jury as to the amount of punitive damages award is so relatively unfettered that there is lacking any reasonable or logical standard, uniform criteria, or guidance in the assessment of the amount of the award of punitive damages;
>>
>> (5) there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and Defendants' alleged wrongful or culpable conduct;
>>
>> (6) there is no objective or rational criteria for the amount of the award of punitive damages as relates or compares to the assessment of

compensatory damages, or amount of compensatory damages;

(7) there is no objective, logical or reasonable standard or criteria which governs the award, or the amount of the award, of punitive damages;

(8) the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendants;

(9) the procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(10) the procedures to which punitive damages are awarded failed to provide a clear post-trial or appellate standard for review for an award of punitive damages;

(11) the procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and

(12) an award of punitive damages would constitute an arbitrary and capricious taking of property of Defendants without due process of law.

15. The Plaintiff has unclean hands.

16. The Plaintiff has failed to mitigate the damages she allegedly sustained.

17. The Plaintiff cannot recover compensatory damages against the Defendant because Plaintiff has suffered no such damages as a result of any unlawful act by Defendant.

18. The Plaintiff's claims are barred by the doctrines of waiver and estoppel.

19. Plaintiff was contributorily negligent.

20. The Plaintiff did not reasonably rely on any alleged representation made by the Defendant.

Defendant reserves the right to plead additional defenses as information warranting the assertion of those defenses becomes available through discovery.

_____
Taylor P. Brooks (asb-1064-r58t)

Attorney for ITPE Health and Welfare Fund

**OF COUNSEL:**

LANIER, FORD, SHAVER & PAYNE, P.C.
200 West Side Square
Suite 5000
Huntsville, Alabama 35801
(256) 535-1100

## CERTIFICATE OF SERVICE

I hereby certify that I have, on this the 21st day of October, 2005, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Brian P. Strength
> Valerie Rucker Russell
> Jock M. Smith
> COCHRAN, CHERRY, GIVENS & SMITH
> Post Office Box 830419
> Tuskegee, Alabama 36083

_____
Of Counsel

7