# EXHIBIT 8

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

ALICE J. BROWN;                          *
                                         *
        Plaintiff,                       *
                                         *
vs.                                      *    CIVIL ACTION NO. CV-05-_2295_
                                         *
ITPE HEALTH AND WELFARE                  *
FUND; and Fictitious                     *
Defendants "A", "B", and "C",            *
whether singular or plural, those other  *
persons, corporations, firms or other    *
entities whose wrongful conduct          *
caused or contributed to cause the       *
injuries and damages to the Plaintiffs,  *
all of whose true and correct names are  *
unknown to Plaintiffs at this time,      *
but will be added by amendment           *
when ascertained,                        *
                                         *
        Defendants.                      *

2005 SEP -2  PM 3: 53

## COMPLAINT

## STATEMENT OF THE PARTIES

1.    Plaintiff Alice Brown is over the age of nineteen (19) years is a resident citizen of

      Montgomery County, Alabama.

2.    Defendant ITPE Health and Welfare Fund is a foreign corporation doing business by

      agent in Montgomery County, Alabama.

3.    Fictitious Defendants "A", "B", and "C" whether singular or plural, are those other

      persons, firms, corporations, or other entities whose wrongful conduct caused or

      contributed to cause the injuries and damages to the Plaintiffs, all of whose true and

DEFENDANT'S
EXHIBIT

8

correct names are unknown to Plaintiffs at this time, but will be substituted by amendment when ascertained.

## STATEMENT OF THE FACTS

4.    On or about January 30, 2004, Plaintiff was covered under a health insurance policy issued by Defendant. Plaintiffs paid all of the necessary premiums to keep the policy in force.

5.    On or about January 30, 2004, Plaintiff underwent a surgical procedure known as a gastric bypass (the "Procedure"). Before undergoing the procedure, Plaintiff, through her nurse who communicated with Defendant, was assured that the procedure would be covered and that no predetermination would be needed.    Defendant represented to Plaintiff that the procedure would be covered.

6.    Plaintiff has repeatedly made claims for Defendant to honor the terms of the policy and pay for the Procedure. It has refused.

7.    At all times material hereto, Plaintiff depended on Defendant to advise her as to insurance matters because of their superior knowledge and position.

8.    Based on the representations made by Defendant in the policy, Plaintiff agreed to purchase said policy of insurance, and began making the necessary premium payments. At all times referenced herein, Plaintiff made the necessary premium payments to keep the policy in full force and effect.

9.    Plaintiff discovered the fraud within two (2) years of filing this lawsuit.

2

10. Defendant entered into a pattern or practice of fraudulent conduct, which included the fraud practiced on the Plaintiff.

11. The conduct by Defendant was intentional, gross, wanton, malicious and/or oppressive.

## COUNT ONE

12. Plaintiff re-alleges all prior paragraphs of this complaint as if set out here in full. Defendant represented to Plaintiff that if she made all the necessary premium payments and keep the policy in place, Defendant would provide coverage for medical procedures such as described herein. Defendant also represented that the Procedure on January 30, 2004, would be covered.

13. Plaintiff have repeatedly made claims for Defendant to honor the terms of the policy and pay for the Procedure. It has refused.

14. Based on the representations made by Defendant in the policy, Plaintiff agreed to purchase said policy of insurance, and began making the necessary premium payments. At all times referenced herein, Plaintiff made the necessary premium payments to keep the policy in full force and effect.

15. The above stated representations made by the Defendant was false and Defendant knew that they were false.

16. Plaintiff relied upon the false representations made by Defendant and purchased the aforesaid policy of insurance.

17. As a proximate consequence of Defendant's conduct, Plaintiff was injured as follows: Plaintiff paid premium payments on a policy that was not as promised; Plaintiff lost the

3

value of the premium payments; Plaintiff lost interest on the premium payments; Plaintiffs did not receive the coverage as promised; Plaintiff owes over $20,000 for the procedure; Plaintiff has suffered mental anguish and emotional distress and will continue to do so; and Plaintiff was otherwise injured and damaged.

WHEREFORE, Plaintiff demands judgment against Defendant in such an amount of compensatory and punitive damages as a jury deems reasonable, and may award, plus costs.

## COUNT TWO

18.    Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

19.    At all times material hereto, Defendant fraudulently failed to disclose to Plaintiff that, in the event that she paid all of her premiums, it would not honor the policy and provide the coverage which it promised.

20.    As a result of Defendant's failure to disclose the above stated facts, Plaintiff changed her position and purchased the aforesaid policy of insurance and began paying premiums.

21.    As a proximate consequence, Plaintiff was injured and damaged as alleged above.

WHEREFORE, Plaintiff demands judgment against Defendant in such an amount of compensatory and punitive damages as a jury deems reasonable, and may award, plus costs.

## COUNT THREE

22.    Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

23.    At the aforesaid time and place, Defendant innocently, recklessly, negligently or wantonly made the aforementioned misrepresentations and/or concealed the material facts.

4

24.    As a proximate consequence, Plaintiff was injured and damaged as aforesaid.

WHEREFORE, Plaintiffs demands judgment against the Defendant in such an amount of compensatory and punitive damages as a jury deems reasonable, and may award, plus costs.

## COUNT FOUR

25.    Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

26.    Defendant breached its contract with Plaintiff by refusing to provide the coverage as promised.

27.    As a proximate consequence of the breach, Plaintiff was injured and damaged as aforesaid.

WHEREFORE, Plaintiff demands judgment against the Defendant in such an amount of compensatory damages as a jury deems reasonable, and may award, plus costs.

## COUNT FIVE

28.    Plaintiffs re-allege all prior paragraphs of the Complaint as if set out here in full.

29.    Defendant has acted in bad faith with regard to Plaintiffs.

30.    As a proximate consequence of the Defendant's actions Plaintiff was injured and damaged as aforesaid.

WHEREFORE, Plaintiff demands judgment against the Defendant in such an amount of compensatory and punitive damages as a jury deems reasonable, and may award, plus costs.

## COUNT SIX

31.    Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

5

32.  Fictitious Defendants "A", "B", and "C", are also liable under the foregoing counts and

theories.

33.  As a proximate consequence of the negligence, Plaintiff was injured and damaged as

aforesaid.

**WHEREFORE**, Plaintiff demands judgment against the Defendant in such an amount

of compensatory and punitive damages as a jury deems reasonable, and may award, plus costs.

Respectfully Submitted,

BRIAN P. STRENGTH (STR052)
VALERIE RUCKER RUSSELL (RUS038)
JOCK M. SMITH (SMI047)
Attorneys for Plaintiffs

OF COUNSEL:

COCHRAN, CHERRY, GIVENS
& SMITH
Post Office Box 830419
Tuskegee, Alabama 36083
Tel: (334) 727-0060
Fax: (334) 727-7197

6

MSJ 304

## JURY DEMAND

PLAINTIFFS HEREBY DEMAND TRIAL BY JURY
ON ALL ISSUES OF THIS CAUSE.

OF COUNSEL

7