IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALICE J. BROWN, | ) |
|     Plaintiff, | ) ) ) |
| vs. | ) CIVIL ACTION NO.: 2:05-cv-1002-ID ) |
| ITPE HEALTH & WELFARE FUND, | ) ) |
|     Defendant. | ) ) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS
WITHOUT PREJUDICE UNLESS CERTAIN CONDITIONS IMPOSED**

**I.   Background**

On September 2, 2005, Plaintiff Alice J. Brown ("Plaintiff") filed a Complaint in Montgomery County Circuit Court stating various state law causes of action against Defendant ITPE Health & Welfare Fund ("ITPE"). Plaintiff alleged that ITPE wrongfully failed to pay medical expenses incurred by Plaintiff as a result of gastric bypass surgery in January 2004.

ITPE removed this case to the United States District Court for the Middle District of Alabama on the basis that Plaintiff's claims were preempted by ERISA. After the parties submitted a report of their planning meeting, the Court entered a Scheduling Order which set the discovery cutoff date in July 2006 and the dispositive motion deadline in August 2006.

ITPE then expended considerable time and resources in opposing Plaintiff's claims. ITPE sent interrogatories and requests for production. Counsel for ITPE

traveled from Huntsville to Montgomery on two occasions to depose witnesses before the discovery cutoff deadline. ITPE filed a summary judgment motion, brief, and evidentiary submission by the dispositive motion deadline in August 2006. ITPE's summary judgment brief and supporting evidence demonstrated that there was a clear exclusion of coverage in the ITPE Health & Welfare Plan for charges related to "the treatment of obesity" and that, in any event, Plaintiff's state law claims were preempted and she had not asserted a claim under ERISA.

Plaintiff's response to the motion for summary judgment was initially due on September 1, 2006. However, on August 30, 2006, Plaintiff filed a motion to extend the deadline for her responsive brief until September 8, 2006, which was subsequently granted by the Court. Then, one day before the responsive brief was due, Plaintiff filed a motion to dismiss this case without prejudice. Plaintiff has not responded to ITPE's showing that summary judgment is appropriate, nor has she provided any explanation or reason for her requested dismissal without prejudice.

## II.   Legal Argument

Plaintiff seeks a dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). (*See* Plaintiff's Motion to Dismiss at ¶ 1). The purpose of Rule 41(a)(2) "is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856 (11th Cir. 1986).

> Rule 41(a)(2)–which embodies a 'quid pro quo' element– authorizes voluntary dismissal without prejudice 'save upon order of the court and upon such terms and conditions as the Court deems proper.' While a plaintiff might choose to dismiss without prejudice for tactical reasons

2.

> (e.g., to re-file in another jurisdiction), *see e.g., der v. E.I. DuPont de Nemours & Co.*, 142 F.R.D. 344, 345 (M.D. Fla. 1992), he must nonetheless fact the imposition of any conditions that the court, in its discretion, concludes are just. *See Ratkovich v. Smith Kline*, 951 F.2d 155, 157-58 (7th Cir, 1991); *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856 (11th Cir. 1986), *aff'd after remand*, 789 F.2d 1539 (11th Cir. 1986).
>
> In contrast, courts impose more stringent conditions where the case has reached an advanced stage. A particularly strong 'legal prejudice' showing may prompt a court to simply deny the without-prejudice motion outright. *See, e.g., Phillips USA, Inc., v. Allflex USA, Inc.*, 77 F.3d 354, 357-58 (10th Cir. 1996) (plaintiff's motion to dismiss without prejudice, made in the face of defendant's summary judgment motion, was properly denied); *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177-78 (7th Cir. 1994); *Unida v. Levi Strauss & Co.*, 986 F.2d 970, 974-75 (5th Cir. 1993).
>
> Where legal prejudice is especially aggravated, some courts go beyond the scope of plaintiff's motion and impose the ultimate condition; dismissal with prejudice. These situations have usually arisen where the plaintiff waited until the defendant is on the verge of triumph to move for a Rule 41(a)(2) dismissal. [Citations Omitted].

*Brooks v. State Board of Elections*, 173 F.R.D. 547, 549-50 (S.D. Ga. 1997).

A plaintiff enjoys no right to a voluntary dismissal without prejudice. *Fisher v. P.R. Marine Management,, Inc.*, 940 F.2d 1502 (11th Cir. 1991). The Eleventh Circuit has upheld denials of motions for voluntary dismissals in situations similar to this case where requests for voluntary dismissals had been filed in "the late stage of the litigation" and "considerable time had been expended and expenses incurred." *McBride v. JLG Industries, Inc.*, 2006 WL 1889941 (11th Cir. July 11, 2006); *Mosley v. JLG Industries, Inc.*, 2006 WL 1889922 (11th Cir. July 11, 2006).

There can be no question that ITPE would suffer legal prejudice if this case were merely dismissed without prejudice. This case was originally filed over one year ago. Motions have been filed. Interrogatories and requests for production have been

3.

drafted. Depositions have been taken. Counsel for ITPE has conducted extensive legal research and drafted a summary judgment brief. ITPE has undertaken considerable expense in defending these claims.[1] Now, when the Court is on the verge of considering ITPE's summary judgment motion, which ITPE believes is due to be granted, the Plaintiff seeks to dismiss the case without prejudice, which would give her the right to re-file the case and begin anew. This would substantially prejudice ITPE by subjecting it to the possibility of paying attorneys' fees and costs for the same litigation for a second time.

As the *Brooks* court noted, requests for voluntary dismissals at "an advanced stage" in the litigation which would subject the defendant to legal prejudice should either be denied outright or granted with "stringent conditions."[2] *Brooks,* 173 F.R.D. at 549. The only way in which a dismissal would not substantially prejudice ITPE is if the Court attached a condition to the dismissal that Plaintiff could not re-assert any claims against ITPE for payment of medical expenses related to her gastric bypass surgery in January 2004 without first paying ITPE the costs <u>and reasonable attorneys' fees</u> it incurred in

---

[1] ITPE has incurred $20,563.92 in attorneys fees and expenses through July 31, 2006. ITPE has also incurred legal expenses in September 2006 which have not yet been billed.

[2] A good case could also be made that Plaintiff is seeking to dismiss this case "on the verge of triumph" of ITPE and, thus, dismissal with prejudice is appropriate. *See Brooks*, 173 F.R.D. at 549-50.

4.

defending this lawsuit.[3] Otherwise, the only way to avoid substantial legal prejudice to ITPE would be to deny the motion to dismiss without prejudice.

Such an order has been expressly approved by the Eleventh Circuit. See *Roberts Enterprises, Inc. v. Olympia Sales, Inc.*, 2006 WL 1736761 (11th Cir. June 23, 2006). In *Roberts Enterprises*, the Eleventh Circuit stated:

> Defendant . . . appeals the district court's judgment of voluntary dismissal of [plaintiff's] lawsuit against [defendant] without prejudice, pursuant to Fed.R.Civ.P. 41(a)(2). [The defendant] contends that the district court abused its discretion in dismissing the complaint without prejudice because [plaintiff] delayed in moving for dismissal, [defendant] had incurred significant legal expenses in defending the case, [defendant] had filed a motion for summary judgment that was pending at the time of dismissal, and [defendant] was deprived by the dismissal without prejudice of a potential malicious prosecution claim against [plaintiff].
>
> After review of the briefs and the record on appeal, we affirm. The district court did not abuse its discretion in granting [plaintiff's] motion for a voluntary dismissal <u>on the condition that [plaintiff] could not reassert the claims made in this lawsuit in another case without first paying [defendant] $139,121.98 (the costs and attorneys' fees [defendant] incurred in defense of this lawsuit).</u> See *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253 (11th Cir. 2001).

*Roberts Enterprises, Inc.*, 2006 WL 1736761 (emphasis added).

## III. Conclusion

ITPE would suffer substantial legal prejudice if this case were dismissed without a condition being placed on the dismissal stating that Plaintiff could not re-assert any claims against ITPE seeking payment of medical expenses related to her gastric

---

[3] It is imperative that any such order expressly required payment of attorneys' fees as well as costs. Attorneys' fees are the primary expense incurred by ITPE. Without an express inclusion of attorneys' fees in this condition, ITPE would be substantially prejudiced by being subjected to the possibility of paying attorneys' fee twice for the same litigation.

bypass surgery in January 2004 without first paying to ITPE the costs <u>and reasonable attorneys' fees</u> it incurred in defending this lawsuit. Accordingly, ITPE requests that this condition be placed on the dismissal of the case or, in the alternative, that the motion to dismiss be denied.

                                            S/ Taylor P. Brooks
                                            Taylor P. Brooks (asb-1064-r58t)
                                            Attorney for ITPE Health & Welfare Fund

**OF COUNSEL:**
LANIER, FORD, SHAVER & PAYNE, P.C.
200 West Side Square
Suite 5000
Huntsville, Alabama 35801
(256) 535-1100

### CERTIFICATE OF SERVICE

I hereby certify that I have, on this the <u>15th</u> day of September, 2006, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

                          Brian P. Strength
                          Valerie Rucker Russell
                          Jock M. Smith
                          COCHRAN, CHERRY, GIVENS & SMITH
                          Post Office Box 830419
                          Tuskegee, Alabama 36083

                                            S/ Taylor P. Brooks
                                            Of Counsel