IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALICE BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. 2:05cv1002-ID |
| v. | )           (WO) |
| | ) |
| ITPE HEALTH AND WELFARE FUND, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the court is Plaintiff Alice Brown's motion to dismiss, filed September 7, 2006. (Doc. No. 19.) Therein, Plaintiff moves the court to dismiss her lawsuit without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. On September 15, 2006, Defendant ITPE Health and Welfare Fund filed an opposition, arguing that it will suffer "legal prejudice" if this lawsuit is dismissed without prejudice and with no conditions attached to the dismissal. (Doc. No. 21.) For the reasons to follow, the court finds that Plaintiff's motion is due to be granted subject to the conditions outlined below.

Because Defendant has served an answer and a motion for summary judgment, Plaintiff's motion for voluntary dismissal is governed by Rule 41(a)(2) of the Federal Rules of Civil Procedure. Rule 41(a)(2) does not allow Plaintiff to dismiss her lawsuit without prejudice "save upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). The decision of whether to permit a

voluntary dismissal rests within the "broad discretion" of the court. Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001). When exercising its discretion, however, the court should "'weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate.'" Id. (quoting McCants v. Ford Motor Co., Inc., 781 F.2d 855, 857 (11th Cir. 1986)).

Prejudice to the defendant is the paramount factor the court must consider in deciding whether and upon what terms to grant a Rule 41(a)(2) motion to dismiss. See id. A defendant must demonstrate "'clear legal prejudice'" to defeat outright a motion for dismissal without prejudice. Id. (quoting McCants, 781 F.2d at 856-57). Neither the mere prospect that the plaintiff will later re-file the lawsuit nor the fact that the plaintiff "may obtain some tactical advantage" in a subsequent filing constitutes clear legal prejudice sufficient to warrant the denial of a motion to dismiss without prejudice. Id. at 1255; McCants, 781 F.2d at 857. The Eleventh Circuit also has "decline[d] to adopt a per se rule that the pendency of a summary judgment motion precludes a district court from granting a Rule 41(a)(2) voluntary dismissal without prejudice." Pontenberg, 252 F.3d at 1258. As observed in Pontenberg, Rule 41(a) "expressly contemplates situations in which the district court may, in its discretion, dismiss an action without prejudice even after the defendant has moved for summary judgment." Id. In this circuit, absent bad faith, "the mere attempt to avoid an adverse summary judgment ruling in and of itself" does not equate clear legal prejudice. Id. Similarly, where there is no evidence of bad

faith, "delay alone" in moving for dismissal without prejudice "is insufficient to justify a dismissal with prejudice, even where a fully briefed summary judgment motion is pending." Id. at 1259. To the extent that a dismissal without prejudice would result in "'practical prejudice'" flowing from the expenses incurred by a defendant in defending the lawsuit, the court can attach curative conditions to the dismissal. Id. at 1259, 1260 (quoting McCants, 781 F.2d at 859).

In Pontenberg, cited by Plaintiff, the plaintiff moved to dismiss her products liability lawsuit without prejudice, notwithstanding that discovery had expired, the court had issued an adverse ruling excluding her expert reports from the record, and the defendant's motion for summary judgment was pending. See id. at 1254-56. Although the defendant argued that it had suffered clear legal prejudice as a result of the advanced stage of the litigation, the district court granted a voluntary dismissal, but "conditioned the dismissal on the payment of costs to the defendant should the plaintiff later re-file." Id. at 1260. The Eleventh Circuit held that the district court did not abuse its discretion in dismissing the lawsuit without prejudice, see id., and that any "practical prejudice" suffered by the defendant was cured by the court's condition that the plaintiff should pay the defendant's costs upon re-filing the lawsuit. See id. The Eleventh Circuit also has upheld dismissals without prejudice which contained a condition prohibiting the plaintiffs from re-filing their lawsuits unless they paid the attorney's fees reasonably incurred by the defendants in defending the dismissed lawsuit. See Versa Products, Inc. v. Home Depot, USA, Inc., 387 F.3d 1325, 1328-29 (11th Cir. 2004); Roberts Enterprises, Inc. v.

Olympia Sales, Inc., No. 05-15368, 2006 WL 1736761 (11th Cir. June 23, 2006); see also Geary v. WMC Mortg. Corp., Civ. Action No. 1:05-CV-631-TWT, 2006 WL 2532668, *2 (N.D. Ga. 2006) (granting plaintiff's Rule 41(a)(2) "motion only upon the condition" that plaintiff reimburse defendants' attorney's fees reasonably incurred in defending the lawsuit in the event plaintiff subsequently re-filed her claims against defendants).

Defendant objects to a voluntary dismissal (without prejudice) on the ground of prejudice, asserting that it has "expended considerable time and resources in opposing Plaintiff's claims" through discovery and the preparation and filing of the pending motion for summary judgment. (Doc. No. 21 at 1-2.) Defendant argues that "substantial legal prejudice" to it can be alleviated only if the court places conditions on the dismissal that, should Plaintiff re-file this lawsuit, Plaintiff must pay costs and reasonable attorney's fees incurred by Defendant in defending this lawsuit. (Id. at 4-6.) Otherwise, Defendant asserts that "the only way to avoid substantial legal prejudice to [it] would be to deny the motion" or to dismiss this lawsuit with prejudice. (Id. at 4 n.2 & 5.)

The record reveals that the parties have engaged in discovery, including the taking of depositions and serving of interrogatories, that a motion for summary judgment is pending, and that a November 2006 trial date is looming in this one-year-old lawsuit. The court observes also that Plaintiff moved for an extension of time to respond to the pending motion for summary judgment, but then instead of answering that motion, filed the instant motion to dismiss. Although the court does not find that there is evidence of

bad faith on the part of Plaintiff, the court observes that Plaintiff has failed to explain the reasons for seeking a Rule 41(a)(2) dismissal at this late juncture.

The court finds that the arguments of Defendant, which are predicated upon its time and expenses incurred and Plaintiff's timing in moving for dismissal, do not constitute clear legal prejudice in light of the binding precedent discussed above so as to preclude a dismissal without prejudice. On the other hand, weighing the "relative equities" in order to "do justice between the parties," McCants, 781 F.2d at 857, the court concludes that Defendant has justified its request for the imposition of conditions on the dismissal. The court finds that, based upon the factors discussed in the preceding paragraph, it is proper and just to condition the dismissal without prejudice upon the payment of taxable costs in defending this action should Plaintiff later re-file this lawsuit. See Potenberg, 252 F.3d at 1259; Versa Products, Inc., 387 F.3d at 1328. The court also finds that it is appropriate to condition re-filing on payment by Plaintiff of reasonable attorney's fees incurred by Defendant as a result of filing its motion for summary judgment. As a consequence of Plaintiff's *unexplained* delay in filing the motion to dismiss, the court finds that Defendant unnecessarily expended time and incurred fees in preparing its summary judgment motion.[1] Cf. Gossard v. Washington Gas Light Co., 217 F.R.D. 38, 41-42 (D.D.C. 2003) (conditioning dismissal without prejudice on award of

---

[1] Exercising its discretion and weighing the equities, the court declines to condition the dismissal on payment of all of Defendant's reasonable attorney's fees incurred during the defense of this litigation in the event Plaintiff re-files this lawsuit.

attorney's fees incurred by defense in filing a supplemental motion for summary judgment). The court finds that the foregoing conditions offer protection to Defendant from unfairness and, at the same time, do not prejudice Plaintiff in her right to renew her litigation. See Versa Products, Inc., 387 F.3d at 1328.

Accordingly, for the foregoing reasons, it is CONSIDERED and ORDERED that Plaintiff's Rule 41(a)(2) motion to dismiss without prejudice be and the same is hereby GRANTED upon the conditions that, should Plaintiff re-file her lawsuit, she shall pay Defendant the costs incurred in defending this litigation and the attorney's fees reasonably incurred by Defendant as a result of filing its motion for summary judgment. The court retains jurisdiction over this lawsuit for the purpose of fixing the amount of costs and reasonable attorney's fees in the event Plaintiff re-files this lawsuit.

DONE this 21st day of September, 2006.

        /s/ Ira DeMent
        SENIOR UNITED STATES DISTRICT JUDGE